**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LEANNE HANKES and JANIE MORRISON, individually and as Class Representatives,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>KRAPILS, THE GREAT STEAK, INC., RON MUERSCH, SR., individually, RON MUERSCH, JR., individually, and TED MUERSCH, individually,<br><br>　　　　　Defendants. | Case No.<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR ACCOUNTING AND
JUDGMENT FOR UNPAID EARNED WAGES UNDER FEDERAL
AND ILLINOIS LAW**

NOW COME the Plaintiffs, Leanne Hankes and Janie Morrison, individually and as class representatives ("Plaintiffs"), by and through their attorneys, hereby make the following allegations against Krapils, The Great Steak, Inc. ("Krapils") and Ron Muersch, Sr., individually, Ron Muersch, Jr., individually, and Ted Muersch, individually, (collectively "Defendants"):

**I.　　NATURE OF THE CASE**

1.　　Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL") for Defendants' failure to pay Plaintiffs the regular minimum wage rate.

2.　　Plaintiffs were employed as non-exempt, hourly paid servers. Defendants paid Plaintiffs, similarly situated servers and all other tipped employees sub-minimum hourly wages under the tip-credit provisions of the FLSA and IMWL. These statutes permit employers of "tipped employees" to pay wages of less than the minimum wage provided employers comply with all requirements of the tip-credit provisions.

3. This action arises out of Defendants' systematic violations of the FLSA and IMWL with regard to Plaintiffs and all other similarly situated tipped employees. Specifically, Defendants violated the FLSA and IMWL by requiring tipped employees to participate in a mandatory, involuntary and invalid tip pool that included employees engaged in occupations which do not customarily and regularly earn tips; namely supervisors and kitchen staff.

4. This action seeks to remedy Defendants' illegal practices whereby Defendants deliberately and uniformly deprived Plaintiffs and similarly situated tipped employees of earned minimum and overtime wages, and all tips received in violation of the FLSA and IMWL.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## III. PARTIES

**Plaintiffs**

7. At all relevant times, each Class Representative Plaintiff has:

   A. resided in and been domiciled within this judicial district in Illinois;

   B. been an "employee" of Defendants in Illinois as that term is defined by the FLSA, 29 U.S.C. §201 *et seq*. and the IMWL, 820 ILCS 115/3(d); and

   C. been employed by Defendants.

**Defendants**

8. At all relevant times, Defendant Krapils, The Great Steak, Inc. has:

    A. been a corporation organized under the laws of the State of Illinois;

    B. had its principal places of business in Illinois within this judicial district;

    C. conducted business in Illinois and within this judicial district;

    D. been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. §203(s);

    E. been class representative Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c).

9. At all relevant times, Defendant Ted Muersch ("Ted") has:

    A. been the president of Krapils;

    B. among other things, had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize payment of wages to Plaintiffs, and to participate in decisions regarding the operation of the business and employment policies and practices;

    C. regularly supervised and directed Plaintiffs' work;

    D. been Class Representative Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, and 820 ILCS 105/3(c); and

    E. resided within this judicial district.

10. At all relevant times, Defendant Ron Muersch, Sr. ("Ron Sr.") has:

    A. been a manager at Krapils;

    B. among other things, had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize payment of wages to Plaintiffs, and to participate in decisions regarding the operation of the business and employment policies and practices;

    C. regularly supervised and directed Plaintiffs' work;

    D. been Class Representative Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and IMWL, and 820 ILCS 105/3(c); and

    E. resided within this judicial district.

11. At all relevant times, Defendant Ron Muersch, Jr. ("Ron Jr.") has:

A. been the General Manager of Krapils;

B. among other things, had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize payment of wages to Plaintiffs, and to participate in decisions regarding the operation of the business and employment policies and practices;

C. regularly supervised and directed Plaintiffs' work;

D. been Class Representative Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and IMWL, and 820 ILCS 105/3(c); and

E. resided within this judicial district.

### IV.  STATEMENT OF FACTS

12. Plaintiffs are or were tipped employees of the Defendants during the three years preceding the filing of this action.

13. Defendants, since before August 1, 2017, have operated a mandatory tip pool which was not limited to participation by "tipped employees," as defined by the FLSA and IMWL, but included employees engaged in occupations which do not customarily and regularly earn tips; namely kitchen employees and managers. *See* Group Exhibit 1, which are payroll stubs of William F. Von Bruchhaeuser who was a manager for Defendants but received "Reported Tips" and "Reported Cash Tips" from the tip pool .

14. Each individual Defendant has known of the existence of the tip pool, its participants and its features at all relevant times.

15. Each individual Defendant allowed the tip pool to operate with kitchen employees and managers sharing in it.

16. Defendants' kitchen employees are not paid the tip-rate minimum wage rate.

17. Defendants' kitchen employees do not customarily and regularly receive tips except through the illegal employer-created tip pool.

4

18. Defendants' managers are not paid the tip-rate minimum wage rate.

19. Defendants' managers do not customarily receive tips except through the illegal employer-created tip pool.

20. Each individual Defendant was able to change the distribution of the tip pool to exclude kitchen employees and managers but failed to.

21. The tip pool, as operated by Defendants, does not comply with the Illinois requirements to pay employees the tip rate.

22. The tip pool, as operated by Defendants, does not comply with the federal requirements to pay employees the tip rate.

23. Defendants recklessly disregarded or intentionally violated the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs bring this collective action on behalf of themselves and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid minimum wages, overtime compensation, tips, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendants' violation of the FLSA.

25. They bring this action under the FLSA on behalf of the following collective class of similarly situated employees:

> All hourly paid, tipped employees who worked for Defendants at any time during the applicable statute of limitations period and were subject to Defendants' tip pool (the "FLSA Collective").

26. Leanne Hankes and Janie Morrison are both members of the FLSA collective they seek to represent because they worked for Defendants as non-exempt, hourly paid, tipped employees during the relevant period, and were subject to Defendants' tip pool.

27. This action is properly maintained as a collective action because the representative Plaintiffs are similarly situated to the members of the FLSA Collective with respect to their compensation plan, and are all subject to a common practice, policy, or plan in which Defendants classified and paid them as non-exempt, hourly paid tipped employees, but deprived them of minimum wages and overtime compensation at the proper rates and all tips received.

28. Defendants knew or should have known that they failed to pay members of the FLSA Collective at the correct overtime rate for all hours worked in excess forty hours per workweek.

29. Defendants knew or should have known that they required members of the FLSA Collective to participate in a mandatory, involuntary and invalid tip pool that included non-tipped supervisors and kitchen employees, both of whom do not customarily or regularly receive tips.

30. Defendants' conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

31. Defendants are liable under the FLSA for failing to properly compensate members of the FLSA Collective. Plaintiffs request that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid minimum wages, overtime compensation, all tips received, liquidated damages under the FLSA, and the other relief requested herein.

32. Plaintiffs estimate there are over one hundred similarly situated current and former members of the FLSA Collective who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

33. The precise number of members of the FLSA Collective can be easily ascertained by using Defendants' payroll and personnel records. Given the composition and size of the class, members of the FLSA Collective may be informed of the pendency of this action directly via U.S. mail, email, and otherwise.

34. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff and members of the FLSA Collective on their FLSA claims.

## IMWL CLASS ACTION ALLEGATIONS

35. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Plaintiffs Leanne Hankes and Janie Morrison bring claims for relief on their own behalf and as representatives of a class under the IMWL, 820 ILCS 105/1, *et seq.*, to recover unpaid minimum wages, unpaid overtime compensation, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendants' violation of the IMWL.

36. Plaintiffs seek class certification under Rule 23 for the following class under the IMWL:

> All hourly paid tipped employees who worked for Defendants in Illinois at any time from three (3) years prior to the filing of this action to the entry of judgment and who were subject to Defendants' tip pool (the "IMWL Class")

37. This action is properly maintained as a class action under Rule 23(a) and Rule 23(b) because:

    a. The IMWL Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact that are common to the IMWL Class;

    c. The claims of plaintiffs are typical of the claims of the IMWL Class; and

    d. Plaintiffs will fairly and adequately protect the interests of the IMWL Class.

### Numerosity

38. Upon information and belief, Plaintiffs estimate that the total number of putative IMWL Class members represents over one hundred individuals. The precise number of IMWL Class members can be easily ascertained using Defendants' personnel and payroll records and other records.

### Commonality

39. There are numerous and substantial questions of law and fact common to the IMWL Class members, including, without limitation, the following:

    a. Whether Defendants were entitled to pay the members of the IMWL class sub-minimum wages;

    b. Whether Defendants failed to pay the members of the IMWL Class proper overtime compensation for hours worked in excess of forty hours per workweek as required by the IMWL;

    c. Whether Defendants required members of the IMWL Class to participate in a mandatory, involuntary and invalid tip pool that included non-tipped managers;

    d. Whether Defendants required members of the IMWL Class to participate in a mandatory, involuntary and invalid tip pool that included non-tipped kitchen employees;

    e. Whether Defendants failed to keep true and accurate records of the amount of time the members of the IMWL Class actually worked;

    f. Whether Defendants willfully or recklessly disregarded the law in implementing its wage and hour policies applicable to the IMWL Class; and,

    g. The nature and extent of the class-wide injury and the appropriate measure of damages for the IMWL Class.

40. Plaintiffs anticipate that Defendants will raise defenses that are common to the IMWL Class.

### Typicality

41. The claims asserted by the Plaintiffs are typical of the IMWL Class members they seek to represent. The Plaintiffs have the same interests and suffer from the same unlawful practices as the IMWL Class members.

42. Upon information and belief, there are no other IMWL Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

### Adequacy

43. Plaintiffs will fairly and adequately protect the interests of all members of the IMWL Class, and there are no known conflicts of interest between Plaintiffs and IMWL Class members. Plaintiffs, moreover, have retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically in wage and hour litigation.

### Common Questions of Law and fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits

44. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members.

45. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their

9

common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each class member to bring individual claims.

46. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Unpaid Minimum Wages and Tips – Invalid Tip Pool)

47. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

48. In order to apply a tip credit toward an employee's minimum wage under the FLSA, an employer must satisfy several conditions, including: (1) the employer must inform the employee that it will take a tip credit; and, (2) tipped employees must retain all the tips they receive, except those tips included in a valid tipping pool among employees who customarily and regularly receive tips. 29 U.S.C. 203(m).

49. Defendants utilized the FLSA tip-credit provision and required Plaintiffs and the

members of the FLSA Collective to participate in a mandatory tip pool.

50. At all relevant times, Defendants distributed a portion of the tip pool to managers and kitchen employees both of whom do not regularly or customarily receive tips.

51. As a result of Defendants' improper use of the tip-credit provisions of the FLSA, Defendants compensated Plaintiffs and the members of the FLSA Collective based on an incorrect sub-minimum wage rate of pay and failed to pay them all tips earned.

52. Defendants' violations of the FLSA, as described herein, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff sand members of the FLSA Collective.

53. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54. Plaintiffs and members of the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of minimum wages owed for time worked and all tips received.

55. As a result of the unlawful acts of Defendants, Plaintiffs and members of the FLSA Collective have been deprived of minimum wages in amounts to be determined at trial, and are entitled to recovery of such amounts, all tips unlawfully withheld, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### (Unpaid Minimum Wages – Invalid Tip Pool)

56. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

57. Section 105/4(c) of the IMWL allows employers to apply a tip credit toward the minimum wage of any employee "engaged in an occupation in which gratuities have customarily and usually constituted and have been recognized as part of the remuneration" of that employee.

58. Defendants utilized the IMWL tip-credit provision and required Plaintiffs and the members of the IMWL Class to participate in a mandatory tip pool.

59. At all relevant times, Defendants distributed a portion of the tip pool to managers, and kitchen employees who do not customarily or regularly receive tips.

60. As a result of Defendants improper use of the tip-credit provision, Defendants compensated Plaintiffs and members of the IMWL Class based on an incorrectly sub-minimum wage regular rate of pay.

61. As a result of Defendants' violations of the IMWL, Plaintiff and the IMWL Class members have suffered and will continue to suffer a loss of income and other damages.

62. As a result of Defendants' unlawful conduct, they are liable to Plaintiffs and the IMWL Class members for actual damages, statutory damages, and equitable relief, as well as reasonable attorneys' fees, costs, and expenses.

63. Defendants' failure to pay the IMWL Class members for all hours worked caused them to work in excess of forty (40) hours in given workweeks without pay at an overtime premium of one and one-half times their regular hourly rate for those additional hours in violation of the IMWL, 820 ILCS 105/4a.

64. Throughout the relevant period, Defendants violated the IMWL by routinely suffering or permitting Plaintiffs and the IMWL Class members to work hours without paying them proper minimum wage and/or overtime compensation.

65. As a result of Defendants' violations of the IMWL, Plaintiffs and the IMWL

Class members have suffered and will continue to suffer a loss of income and other damages.

66. As a result of Defendants' unlawful conduct, they are liable to Plaintiffs and the IMWL Class members for actual damages, statutory damages, and equitable relief, as well as reasonable attorneys' fees, costs, and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Leanne Hankes and Janie Morrison, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against Defendants and each of them, jointly and severally, and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate them for the nature, extent, and duration of their damages, the costs of this action, and as follows:

A. Certify a collective action under Count I and designate Plaintiffs Hankes and Morrison as representatives of all those employees similarly situated;

B. Order Defendants to furnish to counsel a list of all names, telephone numbers, email addresses, and current (or best known) home addresses of all members of the proposed FLSA Collective;

C. Authorize Plaintiffs' counsel to issue notice at the earliest possible time informing the members of the FLSA Collective that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D. Certify a class action under Count II;

E. Appoint Jac A. Cotiguala and Stephan Zouras, LLP as counsel for the IMWL Class under Rule 23(g);

F. Declare and find that the Defendants committed one or more of the following acts:

    i. Violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

    ii. Willfully violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

    iii. Violated the Illinois Minimum Wage Law, 820 ILCS 105, *et seq.*

G. Award compensatory damages, including all minimum wages, overtime pay, and unlawfully withheld tips owed, in an amount according to proof under the FLSA and IMWL;

H. Award pre-judgment interest on all compensatory damages due;

I. Award liquidated damages in an amount equal to the amount of unpaid minimum wages, overtime compensation, and unlawfully withheld tips found due under the FLSA;

J. Award 5% per month interest on all compensation due accruing from the date such amounts were due until it is paid under the IMWL;

K. Award treble damages on the unpaid wages under the IMWL;

L. Award all costs and reasonable attorney's fees incurred prosecuting these claims under the FLSA and IMWL;

M. Grant leave to amend to add claims under applicable state and federal laws;

N. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

O. For such further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

Dated: August 25, 2020Respectfully Submitted,

By: /s/ Jac A. Cotiguala
One of Plaintiffs' Attorneys

Jac A. Cotiguala
Law Offices of Jac A. Cotiguala
431 South Dearborn Street, Suite 606
Chicago, IL 60605
(312) 939-2100

Ryan F. Stephan
James B. Zouras
Anna M. Ceragioli
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
(312) 233-1550

**ATTORNEYS FOR PLAINTIFFS**