UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEANNE HANKES and JANIE MORRISON, individually and as Class Representatives, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:20-cv-04989 |
| v. | ) ) | |
| KRAPILS, THE GREAT STEAK INC., RON MUERSCH, SR., individually, and TEDD MUERSCH, individually, | ) ) ) ) | Magistrate Judge Keri L. Holleb Hotaling |
| Defendants. | ) | |

## APPROVAL ORDER AND FINAL JUDGMENT

UPON CONSIDERATION of Plaintiffs' Unopposed Motion for Approval of the Settlement Agreement and Release, and otherwise being fully informed on the premises, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

(1) This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and § 216(b) of the Fair Labor Standards Act ("FLSA") and has supplemental jurisdiction over Plaintiffs' Illinois Minimum Wage Law ("IMWL") claims pursuant to 28 U.S.C. § 1367(a), including jurisdiction over 125 employees in the certified class ("Plaintiffs").

(2) The Court finds that there is a bona fide dispute between the Parties as to whether Plaintiffs are owed wages from tips they were required to share with non-tip-credit employees.

(3) The Court grants final approval of the Settlement Agreement and Release ("Settlement Agreement") and each individual Plaintiff's Release as set forth in the Settlement Agreement.

(4) The Court finds that the Settlement Agreement is fair, reasonable and adequate, and in the best interests of the Plaintiffs. The Court finds that: (a) the strength of Plaintiffs' case on the merits weighed against Defendants' defenses, and the complexity, length and expense of further litigation, support approval of the Settlement Agreement; (b) the Settlement Payment set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement Agreement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the Settlement Agreement expressed by Plaintiffs' Counsel and counsel for Defendants, both of whom have significant experience representing parties in complex class and

collective actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement Agreement; and (e) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement Agreement.

(5) The Court approves the Settlement Agreement as a final, fair, reasonable, adequate, and binding release of the claims of each Plaintiff as provided in the Settlement Agreement and individual Release. Class Representatives agree to "release all claims and agree to maintain this Settlement Agreement as confidential, except from their respective attorneys, tax and financial advisors, immediate family, and as otherwise required by law." The remaining class members agree to "release and forever discharge any and all causes of action or claims against Defendants and the Released Parties, whether premised upon statute, contract or common law, arising out of, relating to or connected with any alleged tip credit violations, minimum wage violations, and unpaid overtime violations arising under the Fair Labor Standards Act, Illinois Minimum Wage Law, and any other state or federal law pertaining to compensation, including as set forth in the Class and Collective Action Complaint or otherwise asserted in the Lawsuit, regardless of whether such causes of action or claims are known or unknown, filed or unfiled, asserted or unasserted, and/or existing or contingent."

(6) The Court approves the Epilepsy Foundation of Greater Chicago as a *cy pres* recipient in this case. Following the 120-day check cashing period, if the amount of unclaimed funds does not exceed $10,000.00, the Court approves disbursal of remaining fees to the Epilepsy Foundation of Greater Chicago as a *cy pres* payment. If the unclaimed funds exceed $10,000.00, the Court approves reversion of unclaimed funds to Defendants.

(7) All Plaintiffs irrevocably consent to join and opt into the FLSA collective action in this Lawsuit.

(8) The Parties' proposed Settlement Agreement is approved, including each of the 125 individual Plaintiff's Releases, the payments to Plaintiffs, the additional service payments to Representatives Leanne Hankes and Janie Morrison, and the payment of attorneys' fees and costs.

(9) The case is hereby dismissed without prejudice to convert to prejudice once the parties file a notice with the Court that the final settlement payments have been made. The Court hereby sets a telephonic status call for case tracking purposes on July 9, 2024 at 10:00 a.m.

IT IS SO ORDERED.

Date: June 11, 2024

_____
Hon. Keri L. Holleb Hotaling
United States Magistrate Judge